IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAMAR CHRISTOPHER CHAPMAN , III    *

     Plaintiff,            *

   v.                        *     CIVIL ACTION NO. GLR-17-814

DONALD JOHN TRUMP, SR.         *

     Defendant.          *
                           *****

**MEMORANDUM OPINION**

On March 24, 2017, the Court received a "Motion to Appear Amicus Curiae" for filing from Lamar Christopher Chapman, an inmate housed at the Federal Correctional Institution in Loretto, Pennsylvania.[1]  Chapman, who characterizes himself as a "prolific litigator," names President Donald J. Trump, Sr. as the Defendant and appears to challenge Trump's executive orders that Chapman portrays as a "Muslim Ban or Religious Ban."  (ECF No. 1).  Chapman argues that Trump premises one of the executive orders on a national security threat list compiled by the previous administration of Barack Obama, "an unconstitutional and invalid office holder."   He alleges that a number of states filed temporary restraining orders against the executive order without any case or controversy.   Chapman contends that unspecified actions were misfiled in bad faith and in the wrong venue because the correct venue is the District of Columbia, the location of Trump's residence.  Id.  Chapman did not accompany the action with a

---

[1] Chapman's federal convictions arose in the United States District Court for the Northern District of Illinois.

civil filing fee or indigency application.  The Court will not require Chapman to cure this deficiency because the case shall be dismissed.

Title 28 U.S.C. § 1915A provides for screening of any Complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." See McLean v. United States, 566 F.3d 391, 394 (4th Cir. 2009); 28 U.S.C. § 1915(a).  Before permitting the case to move forward or requiring a response from the Defendant, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915A(b);  see also Williamson v. Angelone, 197 F. Supp.2d 476, 478 (E.D.Va. 2001); McGore v. Wrigglesworth, 114 F.3d 601, 608 (6th Cir. 1997).   The screening is necessary to determine whether the Court will require Defendant to respond to the action.

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 569.  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. Id. at 547.

Self-represented pleadings are held to a less stringent standard than those drafted by attorneys.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Even under this less stringent standard,

however, a pro se action may still be subject to summary dismissal.  Id. at 520–21.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it may permit the action to proceed.  See Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999).  A court may not construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417–18 (7th Cir. 1993), nor should a court "conjure up questions never squarely presented."  Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

A review of Public Access to Court Electronics Records ("PACER") shows that Chapman is a prolific litigator.  The Court is unable to construe any legal basis for Chapman's filing in this District.  To the extent he is contesting the action challenging Trump's executive order in this Court,[2] he has failed to demonstrate he has standing to file suit.

The complicated constitutional minimum of Article III standing has three elements.  The plaintiff must have suffered an injury in fact, (2) an injury that is fairly traceable to the challenged conduct of the defendant, and (3) an injury that is likely to be redressed by a favorable judicial decision.  Lujan v. Defenders of Wildlife, et al., 504 U.S. 555, 560-61 (1997).  Here, because Chapman has failed to show he has suffered an injury in fact, he has no standing to file litigation.

---

[2] See Int'l Refugee Assistance Project v. Trump., __F.Supp.3d __, 2017 WL 1018235 (D.Md. 2017) (granting in part a preliminary injunction of Trump's second executive order temporarily suspending immigration from six Muslim-majority countries and suspending the entry of refugees above 50,000 in 2017).

His cause of action, construed as a civil rights complaint, will be dismissed.  Leave to file or appear as amicus curiae shall be denied as the Court concludes that the proffered information is unusable and that Chapman has failed to demonstrate a special interest in the outcome of the case.[3]  A separate Order follows.


Date:  March 31, 2017                                          /s/
                                                                George L. Russell, III
                                                                United States District Judge

---

[3] When reviewing motions for leave to file amici curie memorandum, federal district courts have discretion to grant or deny leave and may look to the reason why the amicus brief is desirable and why the matters asserted are relevant to the disposition of the case.  See Am. Humanist Assoc. v. Md.-Nat'l Capital Park, 147 F.Supp.3d 373, 389 (D.Md. 2015).